STATE OF NORTH CAROLINA v. DELBERT RAY SMITH

No. 7419SC805

(Filed 4 December 1974)

Criminal Law § 99— instruction of court to witness — no expression of opinion

　　Trial court's instruction to a witness who was testifying with respect to breathalyzer test results to "Tell him the reading. Loud and clear." served only to clarify the testimony of the witness and did not amount to an expression of opinion by the court.

APPEAL by defendant from *Crissman, Judge,* 25 March 1974 Session of Superior Court held in RANDOLPH County. Heard in the Court of Appeals 18 November 1974.

Defendant was charged with operating a motor vehicle on the public highway while under the influence of intoxicating liquor. Upon the jury's verdict of guilty as charged, judgment was entered, and defendant appealed.

The State's evidence tended to show that the arresting officer observed the defendant operating a 1968 Cadillac coming off the Route 220 Bypass onto Sunset Street in Asheboro on 15 September 1973; that the movement of his vehicle was erratic as he made a series of turns and crossed over the center line into the line of oncoming traffic; that defendant was asked to perform several tests at the scene where he was stopped; that the officer detected a strong odor of alcohol upon defendant's breath and defendant's face was flushed, his eyes were glassy, and he was not able to walk without assistance. Other evidence introduced by the State showed that following the defendant's arrest additional balance tests were performed and a breathalyzer test was administered. The results indicated that the defendant's blood alcohol level was 20%. The arresting officer testified that in his opinion the defendant was under the influence of some intoxicating beverage.

Defendant denied he was under the influence of intoxicating liquor at the time of his arrest and stated that he performed the balance tests at the scene of the accident in a normal manner. Defendant admitted that he was operating the vehicle on the day in question and that he may have crossed the center line but he claimed he only did so to avoid some people on bicycles on the right side of the road. Defendant further testified that

he was promised a blood test if he would take the breathalyzer test, but one was not given to him after he submitted to the breathalyzer test. On cross-examination, the defendant denied taking any balance tests at the jail. Testimony of additional witnesses was introduced by the defendant which tended to corroborate his version of what happened.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Carson, by Assistant Attorney General Dew, and Associate Attorney Morgan, for the State.*

*Ottway Burton for defendant appellant.*

MORRIS, Judge.

Defendant has abandoned assignments of error Nos. 1, 2, 6 and 9 for failure to argue them in his brief. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

In his third assignment of error defendant asserts that the trial judge violated G.S. 1-180 when he directed the witness to tell him the breathalyzer reading "Loud and clear" after the witness had already given the reading twice. Appellant characterizes this comment as the equivalent of a directed verdict of guilty by the trial judge. We find no merit in defendant's contention. The record clearly shows that there was honest confusion about the meaning of the witness's testimony. When asked the breathalyzer reading, the witness first testified that the defendant's "blood alcohol level was twenty-one hundreds percent blood alcohol." Both the district attorney and the trial judge were uncertain whether the reading was 0.20 or 0.21. The witness, therefore, tried to clarify his prior testimony by stating the reading as before. The district attorney, apparently still confused, asked whether the witness was testifying that the reading was 0.20. At this time, over defendant's objection, the trial judge after expressing doubt that the solicitor could hear the testimony, asked the witness again to "Tell him the reading. Loud and clear." Only then did it become apparent that the reading actually was 0.20. We fail to see how defendant was prejudiced by this testimony. The trial judge's statement served only to clarify the testimony of the witness and did not amount to an expression of opinion by him. Defendant's assignment of error is, therefore, overruled.

We have carefully reviewed the defendant's remaining assignments of error and find them to be without merit. Defendant received a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and MARTIN concur.